UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

VICTOR WOODARD,

        Plaintiff,


  -against-                                COMPLAINT


Captain R. SHANLEY and

Albert Prack, in their individual

capacities,

        Defendants.

## PRELIMINARY STATEMENT

1.    This action seeks damages for plaintiff's confinement in a Special

Housing Unit as a result of a Tier III prison disciplinary hearing at

which plaintiff's due process right to a hearing disposition supported

by "some evidence" of guilt was violated.

2.    This action is brought under 42 U.S.C. Section 1983. The

defendants' actions, as alleged herein, violated plaintiffs' rights as

protected by the Fifth and Fourteenth Amendments to the United

States Constitution.

## JURISDICTION

3.   This action is brought pursuant to 28 U.S.C. Sections 1331 and

1343(a)(3) and (4).

## PARTIES

4.   Plaintiff Victor Woodard is an inmate in the custody of the New

York State Department of Correctional Services. He is currently

confined at Auburn Correctional Facility in Auburn, New York.  The

prison discipline hearing at issue herein was completed at Coxsackie

Correctional Facility, on May 20, 2008, while plaintiff was confined at

that facility.

5.   Defendant Shanley was a correction captain at Coxsackie

Correctional Facility, and served as the hearing officer for the

plaintiff's Tier III disciplinary hearing in May, 2008.

6.   Defendant Prack is currently the Director of the Department of

Correctional Services' Special Housing/ Inmate Discipline Program.

On July 3, 2008, as Acting Director, Special Housing/ Inmate

Discipline Program, he affirmed the disposition of plaintiff's May 20,

2008 hearing.

## FACTS

7.      On or about May 12, 2008 the Deputy Superintendent of Security

(DSS) at Coxsackie Correctional Facility (Coxsackie) came into

possession of an anonymous threatening letter.

8.      The DSS reviewed the letter with Captain Raymond.

9.      On May 12, 2008 Captain Raymond gave a copy of the anonymous

letter to Senior Counselor M.E. Bailey. Captain Raymond asked

Counselor Bailey to compare the handwriting in the anonymous

letter with inmate handwriting samples from Guidance Unit files, in

order to determine the author of the anonymous letter.

10.     Captain Raymond further instructed Counselor Bailey to begin by

reviewing writing samples of inmates from the D-3Housing Unit.

11.     On May 15, 2008 Counselor Bailey wrote a misbehavior report

alleging that plaintiff Woodard wrote the anonymous letter, and

charging him with violating rule 102.10, threats, and rule 104.11,

demonstration. The misbehavior report stated in part that,

> [A]fter reviewing approximately 12 Guidance files
>
> from D3 Division, I located inmate Woodard's
>
> handwriting. The handwriting sample from inmate
>
> Woodard's Guidance Unit file was similar and
>
> consistent to the anonymous letter. Capt. Raymond
>
> also reviewed the sample and concluded it's the same
>
> handwriting as the anonymous letter.

12.    A Tier III prison discipline hearing was held on May 20, 2008,

based on Counselor Bailey's misbehavior report.

13.    Defendant Captain R. Shanley was the hearing officer at the

hearing.

14.    During the hearing plaintiff and defendant Shanley both viewed

the anonymous threatening letter and two samples of plaintiff's

handwriting that had been taken from his Guidance Unit file.

Plaintiff acknowledged having written two letters dated May 8 and

May 9, 2001, but he unequivocally denied having written the

anonymous threatening letter.

15.   The hearing record does not contain, and defendant Shanley did

not review, the other inmate writing samples reviewed by Counselor

Bailey.

16.   During the hearing plaintiff and defendant Shanley disagreed as to

whether plaintiff's acknowledged handwriting was similar to, or

matched, the handwriting in the anonymous threatening letter.

17.   Plaintiff stated that his handwriting was not the same as the

handwriting in the anonymous letter.

18.   In particular, plaintiff stated that the letter "t" was different in his

letters compared to the anonymous letter.

19.   Defendant Shanley stated that the word "Today" at the beginning

of the threatening letter, and the phrase "To whom it may concern"

at the beginning of one of plaintiff's acknowledged letters, were

similar with respect to the letters "t," "o," "w," and "e." Defendant

Shanley also stated that he felt the letters "m" and "a" were similar in the threatening letter and plaintiff's handwriting samples.

20.  Plaintiff stated that his "a" was smaller than the "a" in the threatening letter.

21.  Defendant Shanley observed that some of plaintiff's "a"s were larger and some smaller.  Defendant Shanley also felt that plaintiff's "r"s, "w"s, and "I"s were the same as those in the threatening letter.

22.  Defendant Shanley called Captain Raymond as a witness at the hearing. Captain Raymond testified that he had compared the anonymous threatening letter to documents from plaintiff's Guidance Unit file, and that he concluded plaintiff wrote the threatening letter.

23.  At the conclusion of the hearing defendant Shanley found plaintiff guilty of making threats, not guilty of demonstration, and imposed a penalty including 365 days disciplinary confinement in a Special Housing Unit (SHU), and two months recommended loss of good time.

24.    On or about May 21, 2008 plaintiff submitted an administrative

appeal of his hearing disposition in which he argued, in part, that,

"The hearing officer's determination that I authored the anonymous

letter is not supported by any evidence…"

25.    Plaintiff submitted supplemental administrative appeals on May

22, June 6, and June 15, 2008.

26.    On July 3, 2008 defendant Prack affirmed the disposition of

plaintiff's hearing in his role as Acting Director of the Department of

Correctional Services' Special Housing/ Inmate Discipline Program.

27.    On or about August 18, 2008 plaintiff commenced an Article 78

proceeding in Albany County Supreme Court.

28.    The Article 78 was transferred to the Appellate Division, Third

Department because it raised an issue of substantial evidence.

29.    On July 2, 2009 the Appellate Division, Third Department issued a

Memorandum and Judgment affirming the disposition of plaintiff's

discipline hearing, and dismissing the petition.

30.    Plaintiff then made a motion for leave to appeal to the New York

State Court of Appeals.

31.    On October 22, 2009 the New York State Court of Appeals granted

leave to appeal.

32.    On April 9, 2010, while the appeal of plaintiff's discipline hearing

was pending before the New York State Court of Appeals, the

hearing  disposition was administratively reversed and expunged.

33.    Plaintiff suffered a deprivation of a constitutionally protected

liberty interest, while  in disciplinary confinement as a direct result of

the May 20, 2008 hearing, from May 12, 2009 until April 24, 2010, a

period of  347 days.

34.    Plaintiff has exhausted his administrative remedies.

## CAUSE OF ACTION

35.    Defendants have deprived plaintiff of a liberty interest protected

by the due process clause of the Fifth and Fourteenth Amendments

to the Constitution by finding plaintiff Woodard guilty of

misbehavior without sufficient evidence to support the charge.

**WHEREFORE** plaintiff requests that this Court:

1.  Declare that the acts set forth herein are in violation of plaintiff's

    rights under the Federal Constitution;

2.  Enter judgment in favor of plaintiff for reasonable actual and

    compensatory, including consequential, damages against

    defendants Shanley and Prack, jointly and severally, to

    compensate plaintiff for the loss of liberty and other hardships

    arising from defendants' actions in violation of his rights;

3.  Award plaintiff the costs of this action, including reasonable

    attorney's fees; and

4.  Grant such other and further relief as the Court deems just and

    proper.

Dated:   September 17, 2010

/s James M. Bogin

James M. Bogin

Bar Roll No. 101174

Karen Murtagh-Monks

Prisoners' Legal Services of New York

Attorneys for Plaintiff

41 State Street, Suite M112

Albany, New York 12207

(518) 438-8046